**UNITED STATES of America, Government–Appellee,**

v.

**Winford McKECKNEY, Defendant– Appellant.**

No. 01–1232.

United States Court of Appeals, Second Circuit.

Jan. 16, 2002.

John S. Wallenstein, Pearson & Wallenstein, Mineola, NY, for Defendant–Appellant.

Joanne Weissbart, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY, for Government–Appellee.

Present FEINBERG, KATZMANN, Circuit Judges, and JOHN GLEESON,[1] District Judge.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Defendant Winford McKeckney (the "defendant") appeals his conviction in the Eastern District of New York (Glasser, *J.*) following his conditional guilty plea to one count of failing to register a shotgun with a barrel of fewer than 16 inches in his possession with the National Firearms Registry in violation of 28 U.S.C. § 5861(b).

The shotgun was seized during a search of 1230 East 48th Street in Brooklyn, New York ("1230 East 48th") conducted by law enforcement officers (the "officers") pursuant to a valid search warrant. During the search, the defendant made two comments directing the officers to the shotgun, one in response to a question by Agent Michael Gildea asking defendant if there were any weapons on the premises, and the other voluntarily to Investigator Theodore Epidy. (**A.64–70**) At no point during the police search of 1230 East 48th was defendant informed of his rights under *Miranda*

---

1. The Honorable John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

*v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Defendant moved in the district court to suppress the shotgun, arguing that his statements leading the officers to the shotgun were obtained in violation of his Fifth Amendment rights, and that the scope of the warrant itself would not have permitted the officers to search the room in which the shotgun was located. The district court denied defendant's motion to suppress the shotgun and the comments to Investigator Epidy, relying upon the good-faith exception to the exclusionary rule to conclude that the officers could reasonably have believed that the warrant entitled them to search the entire premises of 1230 East 48th, and commenting as well that the security sweep/public safety exceptions to the exclusionary rule justified Agent Gildea's questioning about guns. In addition, the district court found that defendant's statements to Investigator Epidy were voluntary in any event, and would have led the officers to the shotgun even had Agent Gildea's questioning been impermissible. (A.80–82)

On appeal, defendant argues that the district court erred in failing to suppress the shotgun and defendant's comments with respect to the shotgun. We affirm.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures, and requires generally that searches of a person's home be conducted pursuant to lawfully issued warrants and comply with the limitations of those warrants. The government argues that the terms of the warrant itself permitted the officers to search the entire first floor, and alternatively, that the fact that the officers reasonably believed in good faith that the warrant authorized such a search of the entire first floor of 1230 East 48th satisfies the good-faith exception set forth in *U.S. v. Leon,* 468 U.S. 897, 913,

104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), and the officers would therefore have discovered the shotgun even had defendant not informed them of its existence and location.

■ We need not determine whether a search of the entire first floor would have been justified either by the terms of the warrant or by the good-faith exception because we hold that the comments of defendant which led the officers to the shotgun were not improperly obtained. In view of the fact that law enforcement had received information indicating that the conspirators were connected to various robberies and at least one homicide (A.7–8, 12–22), Agent Gildea was justified in asking about the presence of weapons on the premises, and weapons discovered pursuant to that request may be admitted into evidence pursuant to the public safety exception to the exclusionary rule. *New York v. Quarles,* 467 U.S. 649, 655–56, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984).

■ Further, defendant's statements to Investigator Epidy were voluntary statements, and were not the result of an "interrogation." The few comments made by Investigator Epidy to defendant prior to defendant's admission that he possessed the firearm served to respond to defendant's questions and could not have reasonably been expected to elicit incriminating information from defendant. Under such circumstances, the exclusionary rule does not bar use of the voluntary statements or of the handgun discovered based upon those statements. *Rhode Island v. Innis,* 446 U.S. 291, 300–01, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980).

The judgment of the district court is **AFFIRMED.**